STATE OF NEW JERSEY, v. STEPHEN T. GERGICH.

IN THE MATTER OF AN APPLICATION FOR A WRIT OF
*HABEAS CORPUS.*

Superior Court of New Jersey
Appellate Division

Decided January 21, 1965.

Before Judges Conford, Kilkenny and Lewis.

*Mr. Stephen T. Gergich, pro se.*

*Mr. Guy W. Calissi,* Prosecutor of Bergen County, and *Mr. Eugene T. Urbaniak,* Deputy Attorney General, for the State of New Jersey.

Per Curiam. This is a motion for leave to appeal as an indigent from the denial by the Superior Court, Law Division, Mercer County, of an application for a writ of *habeas corpus.* Petitioner also seeks assignment of counsel.

Petitioner is now confined in the New Jersey State Hospital by virtue of an order of the Bergen County Court dated November 22, 1961 committing him to that institution as mentally unfit after a hearing held pursuant to *N. J. S.* 2A:163–2. That proceeding arose from the circumstance that petitioner had been indicted in August 1961 in Bergen County on charges of breaking and entering and larceny, and the prosecutor had requested a psychiatric examination of the petitioner. A hearing was held, petitioner being represented by counsel, and as a result of the expert testimony adduced the court determined that petitioner was not in such mental condition as to be able to defend himself against the pending charges. No finding was made as to sanity at the time of commission of the alleged crimes. Petitioner was therefore committed, as aforesaid, to remain confined until "restored to reason," agreeably with the statute cited. The act provides, further, that "no person so confined shall be released from such confinement except upon the order of the court by which he was committed"; also that custody in and release from the

institution of confinement shall be governed by *N. J. S. A.* 30:4-82. That statute provides that if the chief executive officer of the institution of confinement certifies that the individual is "in a state of remission and free of symptoms of the mental disease" the court should remand him to the place of original confinement, there to be dealt with in accordance with law.

Prior to the present proceedings petitioner had sought a writ of *habeas corpus* from the Bergen County Court which was denied by order of the committing judge on September 10, 1963 on the ground that no certification of remission of the disease had been made and that "there has been no appreciable change in defendant's symptoms." It does not appear that this conclusion was based upon any hearing or that petitioner had representation.

The similar order of the Law Division judge in Mercer County, entered October 5, 1964, also made without hearing, or representation of petitioner, is based upon the contents of a psychiatric report from the State Hospital.

■ In the interests of expediting this proceeding, we are remanding the matter, but to the Bergen County Court rather than to the Law Division, Mercer County, with directions that counsel be assigned to the petitioner and directed to prosecute such further proceedings in the Bergen County Court as he may deem to be in the interest of the petitioner's effort to terminate his present hospital confinement and have the pending indictments against him disposed of. It is obviously preferable that the court which committed the petitioner deal with the matter rather than that in Mercer County. Moreover, *N. J. S.* 2A:163-2 seems to so require.

■ We of course express no view on the merits or even on the question whether petitioner is necessarily entitled to a plenary hearing with respect to his sanity. It does seem to us, however, that after three years of confinement petitioner is entitled to have legal representation in his effort to secure a new hearing on the issue of his sanity, not only from the standpoint of his right, if sane, to be released from confine-

ment in a mental institution, but also from that of his interest in having the pending indictments against him tried or otherwise disposed of. Whether or not oral proofs are taken, the court's determination will be attended with specific findings of fact and conclusions of law.

If petitioner is dissatisfied with the outcome of the proceedings on the remand his assigned counsel will bring the determination of the trial court before this court for review, without filing a notice of appeal, this court herewith retaining jurisdiction for that purpose.

So ordered.